IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TODD M. TERRELL                                                         PLAINTIFF

VS.                                               CIVIL ACTION NO. 3:17-cv-495-CWR-FKB

PELICIA HALL, et al.                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the undersigned on Plaintiff's Motion for Preliminary Injunction [24]. For the reasons described below, the undersigned recommends that the motion be granted in part and denied in part.

Todd M. Terrell is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") and is currently housed at the Central Mississippi Correctional Facility. Terrell alleges that in 2014 doctors diagnosed him as having a tumor "the size of a quarter" at "the center of [his] brain." [1] at 9. He contends that doctors warned him "to be cautious not to get hit in the head" because doing so would be "very dangerous, and very fatal." *Id.* Terrell claims that another inmate assaulted him twice in May 2017, breaking his nose, and "severely damag[ing]" his back and previously reconstructed shoulder. *Id.* at 7-9. He claims that his back hurts so severely that he cannot get out of bed, cannot keep his balance, and cannot stand up. *Id.* He alleges that he has been denied proper medical care and the ability to see an outside physician. Defendants have denied these allegations. [20] at 2-3.

Terrell has since filed a motion for preliminary injunction "to ensure that he receives proper medical care." [24] at 1. He claims that five months following the assaults, he is still in "extremely unbearable" shoulder and back pain, and that his brain tumor causes significant nose bleeds and

headaches. [24] at 2; [25] at 2. While he has seen prison physicians, he alleges that they only prescribed him ibuprofen and baclofen for a short period of time after the assault but provided no treatment with regard to the brain tumor. [25] at 1. He contends that he needs to be seen and examined by an outside specialist to receive proper treatment. *Id.* at 1-2. He also contends that Defendants have "intentionally interfere[ed] with medical treatment once prescribed," presumably relating to the brain tumor. [24] at 3. He asks for the Court to order Defendants Perry and Hall to permit him to see "a suitable doctor" and then permit the recommended treatment.[1] *Id.* Defendants failed to respond to Terrell's motion.

The Fifth Circuit's decision in *Jones v. Texas Dep't of Criminal Justice*, 880 F.3d 756 (5th Cir. 2018), is applicable to this motion. In *Jones,* a prisoner appealed a magistrate judge's denial of his motion for a preliminary injunction. *Jones*, 880 F.3d at 758. Jones alleged that prison officials deliberately interfered with his diabetes treatment by not permitting him a specially prescribed diet to help control his blood-sugar levels. *Id.* at 758-59. According to Jones, the interference led to a heart attack and a stroke. *Id.* at 758.

As in this case, the defendants in *Jones* failed to respond to the plaintiff's motion. *Id.* The Fifth Circuit reversed and remanded, finding that a *pro se* prisoner's pleadings are to be liberally construed when determining whether defendants acted with deliberate indifference to serious medical needs.

To obtain a preliminary injunction, a movant must establish

(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

---

[1] Dr. Gloria Perry is the Chief Medical Officer of the Mississippi Department of Corrections. Pelicia E. Hall is the Commissioner of the Mississippi Department of Corrections.

*Jones*, 880 F.3d at 759. As described by the Fifth Circuit

> [i]n order to establish a likelihood of success on the merits of his Eighth Amendment claims, [the plaintiff] must show a likelihood that [the defendants' actions or inactions] amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). A plaintiff must show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

*Id*.

Construed liberally, Terrell's motion alleges that Defendants withheld treatment relating to his brain tumor, and essentially failed to treat serious injuries to his back and shoulder. These allegations are sufficient to state a claim for deliberate indifference to serious medical needs. *See id.* (citing *Domino*, 239 F.3d at 755; *Zidell v. Kanan*, 428 Fed.Appx. 426, 427 (5th Cir. 2011)). The threat to Terrell from an untreated brain tumor is self-evident, and that threat outweighs any harm that would result from the Court granting the recommended preliminary injunction. Finally, in the absence of a response from the defendants, the undersigned "cannot simply assume that providing necessary medical care to a prisoner would be too much of an inconvenience to prison authorities" such that it would disserve the public interest. *See Jones*, 880 F.3d at 760.

Terrell's motion requests that the Court "ensure that he receives proper medical care." [24] at 1. He has a constitutional right to receive as much. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Accordingly, the undersigned recommends that Terrell's motion for preliminary injunction be granted in part and denied in part. The recommended preliminary injunction is as follows:

Within seven days of this Order, Defendants Perry and Hall must allow Plaintiff Todd M. Terrell to be seen by a qualified physician. Within twenty-one days of that exam, Perry and Hall must file a response to this Order in which they address Plaintiff's allegations in the motion [24], the results of the medical examination, and any treatment plan relating to Terrell's alleged brain tumor or injuries suffered in the assault. Along with that response, Perry and Hall must submit, under seal, an affidavit from the examining physician which includes (1) a description of Terrell's current medical status, including any medical conditions, current injuries, or illnesses, (2) the treatment plan for those conditions, injuries, or illnesses, if any, and (3) whether the physician recommends that Terrell be seen by a specialist, and if so, when and for what purpose. If the examining physician recommends that Terrell be seen by a specialist, Perry and Hall must ensure that Terrell is allowed to see that specialist as soon as recommended by the physician.

The undersigned recommends that the motion be denied to the extent it requests any additional relief.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 19th day of July, 2018.

 /s F. Keith Ball                                    
UNITED STATES MAGISTRATE JUDGE
