IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TODD M. TERRELL                                                                                    PLAINTIFF

VS.                                                                   CIVIL ACTION NO. 3:17-cv-495-FKB

PELICIA HALL, et al.                                                                          DEFENDANTS

# ORDER

This cause is before the Court on Plaintiff's Motion for Preliminary Injunction [24] and the undersigned's Report and Recommendation [30]. For the reasons described below, the Report and Recommendation is withdrawn, and the Motion for Preliminary Injunction is denied.

Terrell filed his motion for preliminary injunction "to ensure that he receives proper medical care" related to a brain tumor. [24] at 1. He claimed that Defendants denied him any substantive medical care related to his tumor or the effect that inmate assaults had on that condition. Defendants did not file a response to Terrell's motion, meaning that the undersigned was left only with Terrell's serious allegations and version of events when originally considering the motion. The undersigned entered a Report and Recommendation on July 19, 2018, wherein he recommended that the following preliminary injunction be entered:

> Within seven days of this Order, Defendants Perry and Hall must allow Plaintiff Todd M. Terrell to be seen by a qualified physician. Within twenty-one days of that exam, Perry and Hall must file a response to this Order in which they address Plaintiff's allegations in the motion [24], the results of the medical examination, and any treatment plan relating to Terrell's alleged brain tumor or injuries suffered in the assault. Along with that response, Perry and Hall must

1

submit, under seal, an affidavit from the examining physician which includes (1) a description of Terrell's current medical status, including any medical conditions, current injuries, or illnesses, (2) the treatment plan for those conditions, injuries, or illnesses, if any, and (3) whether the physician recommends that Terrell be seen by a specialist, and if so, when and for what purpose. If the examining physician recommends that Terrell be seen by a specialist, Perry and Hall must ensure that Terrell is allowed to see that specialist as soon as recommended by the physician.

[30] at 4.

Since then, Defendants have provided the Court with more information about Terrell's condition and medical care. The Court held an omnibus hearing on September 26, 2018. At that hearing, Defendants provided an affidavit from Dr. William T. Brazier, a physician who provides medical care at Central Mississippi Correctional Facility, where Terrell is housed. Defendants also produced more than 1800 pages of Terrell's medical records.

According to Dr. Brazier, Terrell does not actually have a brain tumor, but does have a "congenital anomaly of cerebrovascular system," which is stable. *See* [53] (filed under seal). Terrell "has been seen by medical personnel in excess of 20 times, or more, from August 2014 to present, for symptoms/concerns related to his complaint of brain tumor." *Id.* Terrell has had multiple x-rays, receives medication, and has had two MRIs, the most recent of which took place on March 22, 2018. *Id.* These "MRI's reported no substantial change in the anomaly as compared to the previous studies dating back to 2014." *Id.* Dr. Brazier concluded by stating that Terrell has a follow-up MRI already scheduled, his symptoms are able to be managed using over-the-counter medications, and that a referral to a specialist is unnecessary. *Id.*

The Court gave Terrell an opportunity to review Dr. Brazier's affidavit and comment on any portions he believed to be inaccurate. Terrell identified no portions of the affidavit that he believed to be incorrect.

On September 27, 2018, with the parties' consent, District Judge Reeves referred to this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(c). [52]. Consequently, the undersigned's Report and Recommendation [30] is now superfluous, as the undersigned may now enter an order either denying or granting any motion before the Court. Accordingly, the Report and Recommendation [30] is withdrawn.

"Injunctive relief is an 'extraordinary remedy.'" *Dung Quoc Pham v. Blaylock*, 712 F. App'x 360, 363 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1548, 200 L. Ed. 2d 741 (2018) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). "In order for injunctive relief to be appropriate, the movant must establish four requirements: 'substantial likelihood of success on the merits, substantial threat of irreparable harm absent an injunction, a balance of hardships in [the moving party's] favor, and no disservice to the public interest.'" *Id.* (quoting *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013)).

When the undersigned originally recommended that the District Judge grant a preliminary injunction, he did not have the benefit of having seen any response from Defendants or from Terrell's medical providers. Instead, the undersigned was only able to consider Terrell's allegations and the facts as he presented them. Now, however, in deciding whether Terrell has established the four elements necessary for injunctive relief, the Court also has before it the aforementioned additional sources. Dr. Brazier's affidavit demonstrates that Terrell has received

treatment relating to his brain condition, that he is continuing to receive treatment for that condition, and that it is unnecessary for him to be seen by an outside specialist. This affidavit, and the production of 1800 pages of medical records, puts to rest the Court's earlier concern about Terrell's medical treatment. Accordingly, the Court finds that Terrell has failed to establish the four required elements necessary for preliminary injunctive relief. Specifically, he has failed to establish a substantial likelihood that he will succeed on the merits of a claim that Defendants were deliberately indifferent to his serious medical needs, and he has failed to establish that he faces a substantial threat of irreparable harm absent an injunction.

The Court has considered all the parties' arguments. Those not specifically addressed do not change the outcome. For the reasons described above, the Report and Recommendations of July 19, 2018 [30] is withdrawn, and Terrell's Motion for Preliminary Injunction [24] is denied.

Respectfully submitted, this the 27th day of September, 2018.

    /s F. Keith Ball
UNITED STATES MAGISTRATE JUDGE